<p style="text-align:center; color:red;">**CORRECTED**</p>

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-0914V
(not to be published)

|  |  |
|---|---|
| KAMINIE RAMPERGASH, | Chief Special Master Corcoran |
| Petitioner, | Filed: May 19, 2023 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Attorney's Fees and Costs |
| Respondent. | |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Catherine Elizabeth Stolar, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On June 23, 2019, Kaminie Rampergash filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a right shoulder injury related to vaccine administration resulting from an influenza vaccine received on October 11, 2017. Petition at 1. On October 26, 2022, I issued a decision awarding compensation to Petitioner, based on the parties' stipulation. ECF No. 49.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $43,977.15 (representing $41,325.90 in attorney's fees, $2,644.75 in attorney's costs,

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

and $6.50 in out-of-pocket expenses). Petitioner's Application for Attorneys' Fees and Costs, Apr. 26, 2023, ECF No. 54. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred $6.50 in out-of-pocket expenses. *Id.* at 2.

Respondent reacted to the motion on May 2, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded at my discretion. Response to Motion at 2-3, 3 n.2, ECF No. 55. The next day - on May 3, 2023, Petitioner filed a reply requesting attorney's fees and costs be awarded in full.  ECF No. 56.

The rates requested for work performed through the end of 2022 are reasonable and consistent with our prior determinations, and will therefore be adopted. Petitioner has also requested 2023 attorney hourly rates as follows: $463 for work performed by Leah Durant - representing a rate increase of $22. ECF No. 54-1 at 13. I find these hourly rates to be reasonable, and will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred).

Furthermore, Petitioner has provided supporting documentation for all claimed costs. And Respondent offered no specific objection to the rates or amounts sought.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded the total amount of $43,977.15[3] as follows:**

- **A lump sum of $43,970.65, representing reimbursement in the amount of $41,325.90 for attorney's fees and in the amount of $2,644.75 for attorney's costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel,  Leah VaSahnja Durant; and**

- **A lump sum of $6.50, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<div align="right">

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

</div>

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.